UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROGER CHARLES DAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00587-JPH-MJD |
| | ) | |
| SUBSECTRETARIO DEL SISTEMA | ) | |
| PENITENCIARIO FEDERAL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING DISMISSAL OF ACTION**

Plaintiff Roger Day, an inmate at the United States Penitentiary in Terre Haute, Indiana, brings this action alleging that his rights were violated when he was confined at a prison in Mexico. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Based on the Court's review of the complaint, the Court concludes that this case must be dismissed for lack of jurisdiction.

**I. Motion to Proceed *in forma pauperis***

The plaintiff's motion to proceed *in forma pauperis,* dkt. [2], is **granted**. Although the plaintiff is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

## II. Dismissal of the Complaint

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Mr. Day alleges in his complaint that he was tortured while he was confined in prison in Mexico. He sues the following defendants: Subsectretario Del Sistema Penitenciario Federal, Director General de Translado de Reos y Seguridad Penitenciaria, Director General del Centro de Readaptacion Social Numero 5 Oriente, and Conejo Tecinco Interdisciplinario del Centro Federal de Readaptatcion Social.

Based on its review of the complaint, the Court concludes that it does not have personal jurisdiction over any of the defendants. "The Due Process Clause authorizes personal jurisdiction over out-of-state defendants when the defendant has 'certain minimum contacts with [the state]

such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Kipp v. Ski Enterprise Corp. of Wis., Inc.,* 783 F.3d 695, 697 (7th Cir. 2015) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). The defendants are all alleged to be Mexican citizens and are not alleged to have taken any actions in the United States. Therefore, they do not have sufficient contacts with the State of Indiana such that the exercise of personal jurisdiction over them would comport with "traditional notions of fair play and substantial justice." *Id.*

### III. Dismissal of Action

Because the Court does not have personal jurisdiction over any of the defendants, this action must be **DISMISSED**. This dismissal does not prevent the plaintiff from pursuing his claims in the appropriate forum. Judgment dismissing this action for lack of jurisdiction shall now issue.

**SO ORDERED.**

Date: 12/20/2019

Distribution:

ROGER CHARLES DAY, JR.
12388-050
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

James Patrick Hanlon
United States District Judge
Southern District of Indiana