UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROGER CHARLES DAY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00587-JPH-MJD |
| | ) |
| SUBSECTRETARIO DEL SISTEMA | ) |
| PENITENCIARIO FEDERAL, *et al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

In the Order of December 19, 2019, the Court screened plaintiff Roger Day's complaint and dismissed it because the Court does not have personal jurisdiction over any of the defendants—who are all Mexican officials. Dkt. 6. Mr. Day has filed a motion to alter or amend the judgment arguing that the Court has the authority under the Torture Victims Protection Act ("TVPA") and the Racketeering Influenced and Corrupt Organizations Act ("RICO") to consider his claims.

Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted).

Mr. Day first argues that the Court has the authority to hear a case regarding torture abroad under the TVPA. But the TVPA does not create personal jurisdiction over officials who have committed acts in other countries, even if the torture was committed against an American citizen. *See Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002) ("tortur[ing] two American citizens in Libya" would be "insufficient to satisfy the usual 'minimum contacts' requirement" for personal jurisdiction).

Mr. Day also argues that RICO applies to extraterritorial conduct. But even if RICO applies to conduct outside the borders of the United States, this does not mean that it confers jurisdiction over individuals who commit acts outside the United States and who do not otherwise have contact with the United States. *See Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 18 CV 01489, 2019 WL 4391261, at *4 (N.D. Ill. Mar. 14, 2019) ("a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant") (citing *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65 (2d Cir. 1998)).

In short, Mr. Day has shown no error in the Court's dismissal of this case for lack of personal jurisdiction. His motion to alter or amend the judgment, dkt. [8], is therefore **DENIED**.

**SO ORDERED.**

Date: 3/23/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROGER CHARLES DAY, JR.
12388-050
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808